WRIGHT, Presiding Judge.
The parties were divorced in 1981. Subsequently, the former wife (wife) filed a petition for rule nisi for failure of the former husband (husband) to pay child support and alimony as ordered. Husband responded with his own petition for rule nisi and a petition to modify the judgment as to alimony and child support. Oral hearing was held on all petitions. On November 3,1982, judgment was entered denying modifica *591 tion, finding arrearage against husband for alimony, child support and unpaid attorney fees of $12,510. Husband was held in contempt of court and ordered confined to jail unless he purged himself of contempt by payment of the arrearage within fourteen days. Husband failed to make payment and was ordered confined in jail.
Upon motion for stay for purpose of appeal and filing of a supersedeas bond, the court granted a stay of confinement pending appeal. Appeal was filed from the judgment denying modification and the finding of contempt and from the order of confinement. However, the only issue presented to this court is whether the trial court erred in denying husband’s petition to modify the original judgment of divorce. Therefore, we do not have before us the propriety of the finding of contempt nor of the determination of arrearage.
There is no transcript of the evidence. The appeal is presented for review under Rule 10(d), A.R.A.P. There is included in the record a statement of the evidence as settled and approved by the court. There appears no objection to that statement. That statement is in accord with Rule 10(d). It is the only record of evidence available for our consideration. Counsel for each party has presented in brief a statement of facts which does not refer to the statement of the evidence as settled by the court and in some instances refers to facts not appearing therein.

Merits

The record reveals that on September 18, 1981, the court divorced the parties and required payment of $1,299 monthly by the husband to the wife as alimony and child support. The husband was then employed by U.S. Pipe and also operated an electrical business with a gross income of $78,000. When the petition for modification was heard a year later, the husband was laid off at U.S. Pipe. However, the gross income from his electrical business from September 1981 to May 1982 (eight or nine months) was near $111,000. The trial court in its decree denying the petition to modify because of reduced income found from the evidence that husband’s income was not substantially decreased since September 1981. (The court no doubt considered the fact that in the interim since the divorce, the husband, had paid practically nothing for alimony and support.)
Our review of the record as settled finds the decree sufficiently supported therein to sustain it against the charge of abuse of discretion. We therefore affirm.
Appellee’s request for attorney fees on appeal is granted in the sum of $500.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.